SUMMARY ORDER

Yi Chen, a native and citizen of the People’s Republic of China, seeks review of a December 31, 2007 order of the BIA, affirming the March 13, 2006 decision of Immigration Judge (“IJ”) Robert Weisel, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yi Chen, No. A97 890 192 (B.I.A. Dec. 31, 2007), aff'g No. A97 890 192 Immig. Ct. N.Y. City Mar. 13, 2006. We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA’s decision affirms in part and modifies in part the decision of the IJ, this Court reviews the decision of the IJ as modified by the BIA. See Brito v. Mukasey, 521 F.3d 160, 163 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her *488 account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (BIA 2007).
As an initial matter, because Chen fails to raise any challenge to the agency’s denial of her CAT claim before this Court, it is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir. 2005).
Regarding Chen’s asylum and withholding claims, we find that substantial evidence supports the agency’s adverse credibility determination. The agency appropriately relied on the implausibility of Chen’s testimony that the same three cadres that came to her home to collect her also performed the surgical abortion on her. See 8 U.S.C. § 1158(b)(l)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 168 (2d Cir.2008). Chen’s contention that she underwent a non-surgical abortion is contradicted by her testimony, in which she stated that the three village cadres held her down on an operating table where they scraped her uterus and ordered her not to move while doing so. The agency also reasonably relied on inconsistencies between Chen’s testimony and her statements in her airport interview, where she said that she had no fear of returning to China, only a “worry” about abortion policies, and she did not mention the forced abortion. See 8 U.S.C. § 1158(b)(l)(B)(iii). Because substantial evidence supports the agency’s adverse credibility determination, the agency’s denial of Chen’s application for asylum and withholding of removal was not improper. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal claims must fail if petitioner is unable to show the objective likelihood of persecution needed to make out an asylum claim and the claims are based on the same factual predicate).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.